IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. CR-09-347-C |
| | ) | CIV-15-1038-C |
| RASHAD AKIM LEE, | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant filed a Motion pursuant to 28 U.S.C. § 2255, seeking to correct his sentence. Defendant's Motion is based upon the Supreme Court's recent decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015). In Johnson, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") 18 U.S.C. § 924. Because Defendant was sentenced under the ACCA and because two of the predicate offenses which were used to increase his sentence relied on the residual clause, a question arises about the validity of Defendant's sentence.

Defendant argues that his convictions for violation of Florida statute § 843.01 in 2005 and 2009 cannot satisfy or serve as a predicate offense to trigger the ACCA enhancement. Responding to Defendant's Motion, Plaintiff argues that each of the three prior convictions serve as predicate offenses to trigger the sentence enhancement under the ACCA as violent felonies. See 18 U.S.C. § 924(e)(2)(B)(i).

Initially, Defendant argues that because Plaintiff did not object or raise arguments that the crimes fall outside the residual clause of the ACCA at sentencing or during the direct

appeal process it has now waived that argument. In support of his argument, Defendant directs the Court to United States v. Eric Stanton Kutz, Case No. CR-10-217-F, where Judge Friot held the government had waived any opportunity to rely on provisions of the ACCA other than the residual clause to support a sentence enhancement. After comparison of the record in Kutz with the record in the present case, the Court finds no support for Defendant's waiver argument. In Kutz, the government explicitly stated that its request for application of the ACCA was based solely on application of the residual clause, going so far as to disclaim reliance on any other basis. Here, Plaintiff has not made similar statements. As Defendant concedes, in its brief on direct appeal Plaintiff relied on both portions of the ACCA. Thus, Defendant's waiver argument must fail.

Turning to the merits of Defendant's claim: The Florida statute at issue is § 843.01 which states,

> **Resisting officer with violence to his or her person** - Whoever knowingly and willfully resists, obstructs, or opposes any officer as defined in s.943.10(1), (2), (3), (6), (7), (8), or (9); member of the Florida Commission on Offender Review or any administrative aide or supervisor employed by the commission; parole and probation supervisor; county probation officer; personnel or representative of the Department of Law Enforcement; or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Fla. Stat. § 843.01 (2014).

The Florida Supreme Court and the Florida standard jury instructions have established the elements for violation of the offense.

> 1. Defendant knowingly and willfully [resisted] [obstructed] [opposed] (victim) by [offering to do [him] [her] violence] [doing violence to him [her]].
> 2. At the time, (victim) was engaged in the [execution of illegal process] [lawful execution of a legal duty].
> 3. At the time (victim) was [an officer].

Fla. Std. Jury Instr. (Crim.) 21.1 (2015).

The ACCA imposes a 15-year mandatory minimum sentence on certain defendants who have three prior convictions for a violent felony. "To determine whether a past conviction is for one of those offenses, courts compare the elements of the crime of conviction with the elements of the "generic" version of the listed offense—*i.e.*, the offense as commonly understood." Mathis v. United States, ___ U.S. ___, 136 S.Ct. 2243, 2247 (2016). The Supreme Court has made clear that the Court should apply what is known as the categorical approach; that is, the Court should "focus solely on whether the elements of the crime of conviction sufficiently match the elements of [a] generic [crime] while ignoring the particular facts of the case." Id. at 2248. Thus, the Court's task is to examine the elements as identified by the Florida Supreme Court and Florida jury instructions and determine if they sufficiently match the elements of a generic definition of violent force.

The Eleventh Circuit has held that Florida statute § 843.01 includes violence as a necessary element of the statute. United States v. Romo-Villalobos, 674 F.3d 1246, 1249 (11th Cir. 2012). The Romo-Villalobos court also identified Rawlings v. State, 976 So.2d 1179, 1181 (Fl. Dist. Ct. App. 2008), Walker v. State, 965 So.2d 1281, 1284 (Fl. Dist. Ct. App. 2007), and Harris v. State, 5 So.3d 750, 751 (Fl. Dist. Ct. App. 2009), as recognizing that violence under § 843.01 clearly involves the use of physical force or violence. Finally,

the Romo-Villalobos court held that "a conviction under Florida Statute § 843.01 'is sufficient for liability under the first prong of the ACCA.'" 674 F.3d at 1251 (quoting United States v. Jones, 400 F. App'x 462, 464 n.4 (11th Cir. 2010)).*

Defendant argues that Romo-Villalobos is neither binding nor persuasive on this Court. He then offers several arguments suggesting that the Eleventh Circuit's determination that Florida statute § 843.01 constituted a crime of violence was in error. The Court is unpersuaded by Defendant's attempts to distinguish the Romo-Villalobos case. The Eleventh Circuit applied the proper categorical approach, considered the determinations of the state supreme court in defining the elements of the state offense, and recognized where those elements matched up with the generic crime set forth by the statute. As the Supreme Court noted in Johnson v. United States, 559 U.S. 133, 138 (2010), federal law controls the meaning of terms in § 924.

Defendant attempts to persuade the Court that the Florida statute does not have the sufficient *mens rea* element. This argument was considered and rejected by the Eleventh Circuit. After considering that analysis and the applicable Tenth Circuit law, the Court finds no basis on which to disagree with the Eleventh Circuit's decision. As the Eleventh Circuit noted, rather than a reckless crime, Florida statute § 843.01 is a general intent statute. That level of intent is sufficient to satisfy the liability under the ACCA.

---

* As Plaintiff recognized, Romo-Villalobos construes criminal violence as used in USSG § 2L1.2; however, that definition is the same as the element clauses of the statute.

Because Defendant's convictions under Florida Statute § 843.01 are violent crimes as defined by 18 U.S.C. § 924(e)(2)(B)(i), the ACCA remains applicable to his sentence. For the reasons set forth herein, Defendant's Motion pursuant to 28 U.S.C. § 2255 (Dkt. No. 78) is DENIED.

IT IS SO ORDERED this 24th day of August, 2016.

_____
ROBIN J. CAUTHRON
United States District Judge